IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM PROPER, | : | CIVIL DIVISION |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 1:18-cv-172 |
| NORTHWEST BANCSHARES, INC., | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

Plaintiff Kim Proper ("Ms. Proper"), by and through her counsel, Timothy P. O'Brien, Esquire, and the Law Offices of Timothy P. O'Brien, files this Complaint against Northwest Bancshares Inc. d/b/a Northwest Savings Bank (Northwest) and in support hereof avers as follows:

I. **JURISDICTION**

1. This action is brought pursuant to the Americans with Disabilities Act, as amended;

2. 42 U.S.C. § 12101, et seq. (the "ADA"). This Court has jurisdiction over these claims under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and (4), and 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. §1391(b) because each claim arose in the Western District of Pennsylvania and because Ms. Proper resides in this District.

II. **PARTIES**

4. Plaintiff is an adult individual residing in Bradford Pennsylvania, who at all times relevant hereto had a disability as that term is defined under the ADA;

5. The defendant Northwest is a corporate entity with a principal place of business located at 100 Liberty St., Warren, PA, which at all times relevant hereto was acting by and through its duly authorized agents, employees or assigns with then and there acting within the scope and course of employment;

6. At all times relevant, Northwest, was an employer as that term is defined under the ADA, who, in such capacity, was on notice that plaintiff had a disability, as that term is defined under the ADA;

7. Plaintiff has exhausted all administrative remedies prior to the filing of this lawsuit, including the filing of a timely charge of discrimination with the equal employment opportunity commission which filed a notice of right to sue on    2018;

## III. FACTUAL ALLEGATIONS

8. Plaintiff was employed by Northwest beginning on or about September 29, 2003 last holding the position of Senior Teller, at Northwest's foster brook branch;

9. On or about December, 2015, plaintiff was diagnosed with non-Hodgkins lymphoma, constituting a disability as that term is defined under the ADA;

10. Ms. Proper continued to work through February 3, 2016, and there after taking medical leave (for the purpose of the treatment of the non-Hodgkins lymphoma);

11. The leave taken by the plaintiff was in accordance with Northwest policies and procedures with and anticipated return to work on or about June-July, 2016;

12. Due to unexpected complications arising from the treatment of the non-Hodgkins lymphoma, plaintiff expected to return to work on or before November 1, 2016;

13. Plaintiff requested as an accommodation that Northwest extend the time for her return to work until on or about November, 2016;

14. Northwest, without any further communication with the plaintiff refused an/or otherwise failed to engage in any interactive process with the plaintiff regarding the extension of the date when she would be able to return to work at Northwest;

15. Northwest informed Ms. Proper that since it had previously extended her leave, no further extensions would be granted;

16. In correspondence dated August 31, 2016, Northwest informed Ms. Proper that her employment was terminated;

17. On account of Northwest's decision to terminate Ms. Proper's employment, she has sustained wage loss and loss of benefits and other remuneration, and will continue to sustain such losses into the future;

18. On account of Northwest's decision to terminate Ms. Proper's employment, she has sustained embarrassment, humiliation, and emotional distress;

## COUNT I
## Discrimination Under the ADA, 42 U.S.C. § 12101, et seq.

19. The foregoing paragraphs are incorporated herein.

20. Ms. Proper is a disabled person within the meaning of the ADA because she has a physical or mental impairment that substantially limits one or more major life activities.

21. Ms. Proper was otherwise qualified to perform the essential functions of her job with reasonable accommodations from Northwest;

22. Northwest knew that Ms. Proper was a disabled person within the meaning of the ADA

23. Ms. Proper expressly requested Northwest for a reasonable accommodation of her disability;

24. Northwest did not make a good faith effort to assist Ms. Proper in accommodating her disability

25. Ms. Proper suffered an adverse employment decision because of Northwest's discrimination against her because of her disability

26. Ms. Proper suffered significant harm including wage loss, benefits, and other remuneration, front pay, emotional distress, embarrassment and humiliation;

WHEREFORE, plaintiff requests judgment in her favor in a sum in excess of $50,000 for compensatory and/or punitive damages, recovery of costs and attorney's fees, and such other relief, including equitable relief as appropriate under the circumstances.

Respectfully submitted,

/s/ Timothy P. O'Brien
PA ID# 22104

Law Office of Timothy P. O'Brien
2103 Investment Building
239 Fourth Avenue
Pittsburgh, PA  15222
 (412) 232-4400

Attorney for Plaintiff